UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

ROSALYN CARROLL WYCHE,

Debtor.

Case No. A09-00542-DMD
Chapter 7

**Filed On 8/14/09**

## MEMORANDUM ON MOTION FOR RECONSIDERATION

The debtor has filed a motion for reconsideration of this court's order denying her request for waiver of the filing fee. She asks the court to again look at the financial income she has provided, because she contends her monthly income does not exceed the sum of $4,031.25, the applicable poverty level guideline for a family of five. I have taken a second look at the debtor's motion for waiver of the fee application and her Schedules, and conclude that I cannot grant her request.

The debtor's Schedule I states that she is a self-employed hairdresser. Based upon the information listed on Schedule I,[1] the debtor's regular income from operation of her business is $11,661.04 per month. The debtor also receives $1,800.00 from real property and $658.75 in tuition per month. Line 16 on Schedule J lists "combined average monthly income" of $14,119.79. The debtor's Schedule J itemizes monthly expenses totaling $11,300.57.[2] The net monthly income amount reflected, $2,819.22, is the remainder *after* expenses.

The bankruptcy court's ability to waive a chapter 7 debtor's filing fee is very limited. The court can only waive the fee as permitted by statute, 28 U.S.C. § 1930(f)(1). Section 1930(f)(1) provides:

> (f)(1)  Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has

---

[1] *See* Sched. I, filed Aug. 3, 2009 (Docket No. 1-2), at p. 19.

[2] *See* Sched. J, filed Aug. 3, 2009 (Docket No. 1-2), at p. 20.

> income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved *and* is unable to pay that fee in installments.[3]

In other words, there are two conditions that a chapter 7 debtor must satisfy to qualify for a fee waiver: 1) the debtor has income less than applicable poverty guideline amounts and 2) the debtor is not able to pay the fee in installments. And the court must apply procedures established by the Judicial Conference of the United States to evaluate whether a debtor qualifies for the waiver. The Judicial Conference has specified that the amount a debtor lists on Line 16 of Schedule I is the figure the court must use to determine whether a debtor's income is below the applicable poverty level guideline.[4] In this case, that number is $14,119.79, well in excess of the applicable poverty guideline amount.

Even assuming the debtor's monthly income were less than $4,000.00, as is stated in her motion for reconsideration, she still would not qualify for the waiver. The second condition that must be met to qualify for a fee waiver is that the debtor doesn't have the ability to pay the fee in installments. The debtor's Schedule B indicates that she has $1,150.00 in a checking account and $150.00 in savings.[5] Given these numbers, it appears she has the ability to pay the fee in installments.

---

[3] 28 U.S.C. § 1930(f)(1) (emphasis added).

[4] The guidelines state: "The income for comparison to the poverty guidelines is the 'Total Combined Monthly Income' as reported (or as will be reported) on Line 16 of Schedule I." *See* Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, promulgated Aug. 11, 2005, located at: http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html (visited Aug. 14, 2009). A copy of this page is attached.

[5] *See* Sched. B, ¶ 2, filed Aug. 3, 2009 (Docket No. 1-2), at p. 4.

2

The court is required to follow the statute which allows a fee waiver in chapter 7 cases. The waiver can only be granted to an individual debtor who satisfies two conditions: the debtor's income is less than the applicable poverty level guideline *and* the debtor doesn't have the ability to pay the fee in installments. Both conditions must be satisfied. They are not in this case. Under the circumstances, the best the court can offer the debtor is the ability to pay the filing fee in installments. The statute provides no other alternative.

For the foregoing reasons, the debtor's motion for reconsideration will be denied. An order will be entered accordingly.

DATED: August 14, 2009

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  R. Wyche, Pro Se Debtor
L. Compton, Trustee
U. S. Trustee
Case Manager

08/14/09